Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email:  dcockrell@mcgalaw.com

*Attorneys for Defendant Pan-American Life Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| JANET HEINZE, | Cause No. |
| Plaintiff, | |
| v. | **DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| PAN-AMERICAN LIFE INSURANCE COMPANY and JOHN DOES 1-4 | |
| Defendants. | |

Defendant Pan-American Life Insurance Company ("Pan-American"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), *et seq.*, hereby removes this action to this Court. The grounds for removal are as follows:

1. Plaintiff filed a Complaint against Pan-American in the Montana Eleventh Judicial District Court, Flathead County, Cause No. DV-14-006 (D), on

January 3, 2014. Defendant Pan-American was served with the Summons and Complaint in accordance with §§ 33-1-601, 602, and 603, MCA, and the Montana State Auditor's service of process transmittal was dated July 12, 2016.

2. A list of and copies of all process, pleadings and orders served or filed in this action are attached and filed herewith. *See* Exhibit A.

3. Defendant Pan-American is informed, believes and alleges that Janet Heinze lives in Flathead County, Montana, and is a citizen of the State of Montana.

4. Defendant Pan-American is not incorporated in the State of Montana and does not have its principal place of business in Montana. Thus, Defendant Pan-American is not a citizen or resident of Montana under 28 U.S.C. § 1332(e)(1).

5. Defendant Pan-American is a corporation incorporated in and has its principal place of business located in the State of Louisiana. Therefore, pursuant to 28 U.S.C. §§ 1332(c) and 1441, Defendant Pan-American is deemed to be a citizen of the State of Louisiana.

6. Based upon the allegations in Plaintiff's Complaint, the amount in controversy in this case exceeds $75,000.

7. In the Complaint, Plaintiff seeks a declaratory judgment as well as alleges that Defendant Pan-American breached its insurance contract; committed common law bad faith; violated the Montana Unfair Trade Practices Act (§§ 33-81-201 and 33-18-242); negligently inflicted emotional distress upon Plaintiff; and that

Pan-American is liable for general and compensatory damages, special damages, punitive damages, attorneys' fees, costs and disbursements. *See* Exhibit A, Complaint, ¶¶ 45, 51, and Prayer.

8. Defendant Pan-American can demonstrate, by a preponderance of the evidence, that the amount in controversy for the claims and claimed damages exceeds the jurisdictional minimum. *See*, *Singer v. State Farm Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir. 1997); *Sanchez v. Monumental Life Insurance Company,* 102 F.3rd 398 (9th Cir. 1996); *Birkenbuel v. N.C.C. Construction Corporation*, 962 F. Supp. 1305 (D. Mont. 1997). Pursuant to established law, Defendant Pan-American need not demonstrate the case value to a certainty. *Id.*

9. Damages for alleged unfair claim practices are difficult to quantify and are typically left to the jury's discretion. *See, e.g., Cartwright v. Equitable Life Assurance Society of the U.S.,* 276 Mont. 1, 914, P.2d 976 (1996); *Dees v. Am. Nat'l Fire Ins. Co.,* 260 Mont. 431, 861 p.2d 141 (1993).

10. Attached as Exhibit B to this Notice of Removal is a compilation of verdicts in Montana bad faith and unfair claims practices actions which indicate that juries can reach verdicts well in excess of the $75,000.00 jurisdictional minimum. In some of the cited cases, the punitive damage awards were as high as 40 to 144 times the compensatory awards, when the compensatory awards were less than $75,000.

11. In a Montana case, *Cavin v. Unum Life Ins. Co. of America*, CV 01-28-M-DWM (D. Mont.), which involved similar claims for relief, U.S. District Court Judge Donald Molloy denied a motion to remand on the basis that plaintiff's claim for punitive damages in an unfair claims practices case satisfies the jurisdictional amount. *See* Exhibit C, March 3, 2001, *Cavin* Order attached hereto.

12. Even if Plaintiff's compensatory damages claim is not more than $75,000.00, Pan-American alleges that the compensatory and punitive damages together "heighten the potential for a judgment in excess of jurisdictional limits." *See* Ex. C, *Cavin* Order, p. 2. On that basis alone, this case satisfies the amount in controversy requirement for diversity jurisdiction.

13. Moreover, the amount in controversy includes the amount of damages in dispute, as well as attorney's fees, which Plaintiff alleges are authorized by statute or contract. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005. Plaintiff alleges a statutory basis, namely § 27-8-101, MCA, entitles her to recover attorneys' fees. *See* Exhibit A, Complaint, Prayer, ¶ 4. In the case of *King v. GEICO Ins. Co.*, 2014 WL 1789460, by Order dated May 5, 2014, U.S. Magistrate Judge Richard Anderson awarded plaintiff's counsel $43,727.88 in attorney fees associated with plaintiff's prosecution of his declaratory judgment action which sought damages similar to those sought in this action. Plaintiff's claim for attorney fees, based on §

27-8-101, MCA, further heightens the likelihood that the amount of damages in dispute exceeds jurisdictional limits.  Ex. C, p. 2.

14. Plaintiff can avoid removal by utilizing available procedural devices in stating that all of her claimed damages, including attorneys' fees, have a value of less than and she will not seek more than $75,000 in a Notice or Statement of Damages. *See* §§ 25-4-313 and 25-4-314, MCA; *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 588 (D. Mont. 1981) (". . . if the plaintiff is to reserve the option of avoiding the federal forum, he must take the initiative and inform the defendant of the amount being sought").

15. While Plaintiff alleges that John Does 1-4 are individuals or business entities who may be responsible for the damages alleged in the Complaint (Exhibit A, Complaint, ¶¶ 52-54), the citizenship of John Does 1-4 is disregarded for determining diversity jurisdiction.  Accordingly, the consent of John Does 1-4 is not required to effectuate removal because the citizenship of defendants sued under fictitious names shall be disregarded for removal purposes.  28 U.S.C. § 1441(a). Moreover, John Does 1-4 are nominal parties who have not been served.  A party not served need not be joined in the removal petition.  *Salveson v. Western States Bankcard Association, et al.*, 731 F.2d 1423, 1429 (1984).

16. Removal of this case is permitted under 28 U.S.C. § 1441(a) because for purposes of removal, the citizenship of defendants sued under fictitious names shall

be disregarded, 28 U.S.C. § 1441(b), based upon complete diversity of citizenship (after the disregard of the fictitiously named plaintiffs), and the fact that the amount in controversy could exceed $75,000.00.

17. Pursuant to 28 U.S.C. § 1441(a), and Rule 1.2(c)(5) of the Rules of Procedure of the United States District Court for the District of Montana, the United States District Court of Montana, Missoula Division, has jurisdiction and venue over this action because the Missoula Division of this court embraces Flathead County, Montana.

18. This action is a civil action which may be removed by Pan-American to the United States District Court for the District of Montana, pursuant to 28 U.S.C. §§ 1332 and 1441. The United States District Court has original jurisdiction over this cause.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed with the Court within thirty (30) days of the date of the Montana State Auditor's letter dated July 12, 2016.

20. Defendant Pan-American consents to this removal.

21. Notice of filing of this Notice of Removal has been given to Plaintiff by service of a copy of this Notice of Removal upon Plaintiff's attorney as required by 28 U.S.C. § 1446(d).

22. Within seven (7) days of the filing of this Notice, Pan-American will provide a copy of the Notice to the Clerk of District Court of the Montana Eleventh Judicial District Court, as required by Local Rule 3.3(a) of the Rules of Procedure of the United States District Court for the District of Montana.

23. Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which Pan-American has complied with, this cause is removable to the United States District Court, for the District of Montana, Missoula Division.

WHEREFORE, Defendant Pan-American gives notice that Cause No. DV-14-006 (D), formerly pending in the Montana Eleventh Judicial District Court, has been removed to the United States District Court for Montana.

Dated this 10th day of August, 2016.

        MOORE, COCKRELL,
        GOICOECHEA & JOHNSON, P.C.

        /s/ Dale R. Cockrell
        Dale R. Cockrell
        145 Commons Loop, Suite 200
        P.O. Box 7370
        Kalispell, Montana 59904-0370
        Email: dcockrell@mcgalaw.com

        *Attorneys for Defendant Pan-American Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by the means designated below:

| | |
|---|---|
| [X] U.S. Mail | Alex K. Evans |
| [ ] CM/ECF | Michael A. Bliven |
| [ ] Federal Express | BLIVEN & EVANS TRIAL LAWYERS, P.C. |
| [ ] Hand-Delivery | 278 Fourth Avenue E.N. |
| [ ] Facsimile | Kalispell, MT  59901 |
| [ ] E-Mail | |

*Attorneys for Plaintiff Janet Heinze*

Dated this 10th day of August, 2016.

/s/Dale R. Cockrell
Dale R. Cockrell
Email:  dcockrell@mcgalaw.com